UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROB HILL,

    Plaintiff,

v.

ONE SOUCE PROVIDER and
WASSIM ELALI,

    Defendants.
_____/

Case No. 2:19-cv-12587
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER REGARDING STATUS CONFERENCE AND EXTENSION OF DEADLINES, AND INTERIM ORDER REGARDING DEFENDANTS' MOTION TO DISMISS (ECF No. 17)

This matter came before the Court for consideration of Defendants' motion to dismiss (ECF No. 17), and Plaintiff's response in opposition (ECF No. 21). Judge Borman referred the motion to me for a hearing and determination (ECF No. 22), and I held a status conference on October 1, 2020, on the record, at which counsel for the parties appeared telephonically.

For all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendants' motion to dismiss (ECF No. 17) is **HELD IN ABEYANCE**, and the Court **ORDERS** as follows:

- Under penalty of dismissal, and as suggested by Plaintiff's counsel, Plaintiff **SHALL** serve upon Defendants his initial

disclosures and full and complete responses to Defendants' May 18, 2020 discovery requests on or before **Thursday, October 15, 2020**. (*See* ECF No. 21, PageID.143.) Interrogatory answers must be given under oath, in full compliance with Fed. R. Civ. P. 33(b)(3). Any objections have been waived, as Plaintiff's responses are woefully overdue. Fed. R. Civ. P. 33(b)(4). *See also Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2011 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).[1]

- The parties will appear with their counsel for a settlement conference before me on **Wednesday, October 28, 2020 at 1:30PM**, and must comply with my online Practice Guidelines regarding settlement conferences, which should be consulted immediately.

- The fact discovery deadline is **EXTENDED** to **Thursday, December 31, 2020**, <u>for Defendants only</u>, due to the prejudice caused by Plaintiff's delays, and the dispositive motion deadline is extended to **Friday, February 26, 2021**.

- Additionally, the Court hereby **REVISES** the amended scheduling order (ECF No. 16) and imposes the following new deadlines:

    - Expert Disclosures (Proponent) – **Monday, November 30, 2020**
    - Expert Disclosures (Rebuttal) – **Thursday, December 31, 2020**

---

[1] Plaintiff questioned whether the waiver covers privileges, although he did not expect to have to raise any. The issue being hypothetical at this point, the Court noted that any attempt to assert privilege must be accompanied by a privilege log under Fed. R. Civ. P. 26(b)(5)(A)(ii) and that Defendants reserve the right to argue waiver when the motion is heard. *See, e.g., U.S. ex rel. Fry v. Health All. of Greater Cincinnati*, No. 1:03-CV-167, 2009 WL 2004350, at *2 (S.D. Ohio July 7, 2009) (quoting *In re Sealed Case*, 877 F.2d 976, 980 (D.C.C. 1989)).

- Expert Discovery Cutoff – **Friday, January 29, 2021**
- Motions Challenging Experts – **Friday, February 26, 2021**

- The Court will set Defendants' motion to dismiss (ECF No. 17) for a hearing on **Tuesday, November 24, 2020, at 10:00AM**, at which time the Court will consider an award of costs, attorney fees, and other appropriate sanctions under Fed. R. Civ. P. 37, up to and including dismissal.[2]

**IT IS SO ORDERED.**

Dated:  October 1, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).